11 PARRO, J.,
concurring.
Louisiana Revised Statute 30:2276(G)(3) gives a right and a cause of action to a person who has incurred remedial costs; however, such a right cannot be exercised unless “the plan for remedial action was approved by the secretary in advance.” Therefore, the Secretary of DEQ must decide to either approve or not approve the plan, and such a decision cannot be made without a review and consideration of the merits of the plan. Thus, it follows that the Secretary of DEQ has a ministerial duty to review and consider the plan, and no legal basis has been cited, or found, authorizing the delegation of this duty to another state agency.
Although LSA-R.S. 30:2003(B) recognizes it is necessary to provide for comprehensive policies on a statewide basis to unify, coordinate, and implement programs to preserve, protect, and enhance the quality of the environment in Louisiana, it is incumbent on the legislature to set forth the specifics of the manner in which this is to be accomplished. Certainly, until such is done, there is no prohibition against coordination of efforts by multiple governmental agencies in a case such as the one under consideration. As noted by the trial court, if the Secretary of DEQ requests the assistance of DNR in reviewing the plan, there appears to be no reason to prohibit DNR from providing its assistance; however, it is the Secretary’s responsibility under the statutory scheme to either approve or disapprove the plan for remedial action submitted by Doré.
For the foregoing reasons, I respectfully concur.
FITZSIMMONS, dissents and assigns reasons.